Mr. Chiee Justice Bingi-iam
delivered the opinion of the Court:
On the 13th day of June, 1887, the plaintiff, by the Attorney General of the United States, filed in this Court an information stating in substance that the President of the United States appointed and commissioned the defendant, John N. Oliver, as a justice of the peace in the County of Washington, District of Columbia, and assigned him to the City of Washington for the term of four years from the 18th day of June, A. D. 1886, and that Oliver duly qualified and entered upon the discharge of the duties of said office.
That on the 21st day of April, 1887, the President removed said Oliver from the said office by causing to be delivered to him an instrument of the tenor following, viz.:
“ Sir :
“Executive Mansion,
“ Washington, D. C., April 90, 1887.
“You are hereby removed from the office of Justice of the Peace, in and for the District of Columbia, by virtue of authority conferred upon the President by section 1, chapter 162, volume 20, United States Statutes at Large.
“Grover Cleveland.
“Mr. John N. Oliver,
“ Washington, D. G.”
*51 That oil the 18th of May, 1887, the President appointed one John Evans, in the place and. stead of said Oliver, a justice of the peace of said county, and assigned him to the City of Washington. That Evans accepted and qualified as such justice, and thereafter on the 27th day of May, 1887, proceeded to the office of Oliver and duly demanded of him the dockets and other books and papers relating to the business of Oliver as such justice of the peace, with which demand Oliver then and there refused and still refuses to comply.
That, notwithstanding the premises Oliver on the 21st day of April, 1887, and from day to day from that date to the day of filing the information, has assumed to occupy said office of justice of the peace, and to exercise and discharge the duties and functions thereof; and prays for process and judgment of ouster.
1. The answer of the defendant in substance admits his appointment as averred in the information, avers that the communication of- the President dated April 20, 1887, as alleged and set forth in the information, is unauthoritative, insufficient and void, and claims that by law the power to remove a justice of the peace is vested solely and exclusively in the Supreme Court of the District holding a General Term, and after due notice and an opportunity to be heard in his defense, and for causes to be assigned in the order of removal.
The plaintiff demurs to the answer as bad in substance, .and appends a note that among the matters of law to be argued in support of the demurrer are the following:
.“1. That as the answer of the defendant does not deny any of the material averments of the information, nor set up any facts not contained in the information, it is in substance a demurrer to the information.
“2. That the facts averred in the information and not denied or avoided in the answer show that the defendant was removed from his office of justice of the peace, prior to *52 the time of the filing of said, information, and that he has since continued to exercise the duties of such office in defiance of law.”
The information was allowed to be filed by Mr. Justice Cox in the circuit, and by him certified to the General Term to be heard in the first instance.
The following is a summary of the legislation relating to the appointment and removal of the justices of the peace in this District:
1. By an act approved February 27, 1801, Section 11, 2 Stat. at L., 107, it was declared “That there shall be appointed in and for each of the said counties such number of discreet persons to be justices of the peace as the President of the United States shall from time to time think expedient, to continue in office five years.”
Nothing is'said about removals in this act.
The clause quoted, as changed by subsequent legislation, is carried into Section 994, R. S. D. 0.
2. On March 1, 1823, by Section 5 of an act of that date, 3 Stat. at L., 743, it was provided “That each and every justice of the peace shall, and it is hereby made his duty, upon his resignation or removal from office * * * forthwith to deliver to the clerk of the Circuit Court” his docket or dockets; and further that “ In case of the death, resignation, removal from office or other incapacity, of any person who may have acted as a justice of the peace, and neglects * * * to transfer such docket or dockets” he shall forfeit $500.
Nothing is said as to the person by whom the removal shall be made.
These provisions are carried into Sections 1032 and 1033, R. S. D. C.
3. By Section 15 of an Act approved May 17,1848, 9 Stat. at L., 229, the term of office of justices of the peace was reduced to three years, and it was provided that “Upon indictment and conviction of any justice of the peace, before *53 any court of competent jurisdiction, of incompetency, habitual drunkenness, corruption in office or any other willful misconduct in the discharge of his duties as justice of the peace, his commision shall be void, and he shall cease to exercise the office and powers of justice of the peace.
This law has become Section 1030, R. S. D. C.
■ 4. By the organic Act of this Court, Section 14, approved March 3, 1863, 12 Stat. at L., 764, it is enacted “That justices of the peace may be removed by the Court to be organized under the provisions of this Act, at a general term, after due notice and an opportunity to be heard in their defense, and for causes to be assigned in the order of removal.”
This section, in the revision of the Laws of the District, constitutes Section 1031.
5. An Act of Congress approved June 7, 1878, 20 Stat. at L., 700; Rich. Supp., 336, regulating the appointment of justices of the peace, commissioners of deeds and constables, contains the following provisions relating to removals.
“That the President of the United States shall nominate and, by and with the advice and consent of the Senate, appoint fifteen justices of the peace within and for the District of Columbia. Their term of office shall be four years, subject to removal for cause.”
“Upon the death or removal of any justice of the peace appointed under this act, his docket, books and papers of office shall be delivered to his immediate successor in office.”
“The Supreme Court of the District of Columbia shall have the power to fix the amount and form of the bonds, * * * and may remove constables from office for willful violation of law, or for misconduct, or for incompetency.” ' “ The President of the United States is hereby authorized to appoint * * * commissioners of deeds, * * ‡ also * * * notaries public, * * * said commis *54 sioners of deeds and notaries public to hold their offices for the period of five years; removal at discretion.”
Mr. Oliver was appointed under this last mentioned act. His contention is that by virtue of Section 1031, E. S. D. 0., this Court in General Term only has the power to remove him from office.
On behalf of the United States it is submitted by counsel:
“ 1. That it was not intended by Congress, in enacting the section of the act of 1863 which is incorporated in Section 1031 of the revision, to take away the President’s power of removal.”
“2. The Act of June 7, 1878, gives to the President the power of removing justices of the peace to be appointed under that act.”
“3. Finally, if it is held that the intention of Congress was to confer upon this Court the sole power of removing the justices of the peace authorized to be appointed by the Act of June 7, 1878, it is submitted that Section 1031 is void, as attempting to impose upon the Court a power not judicial in its nature.”
We will consider these propositions in the order named by counsel for plaintiff, and in doing so must necessarily notice the argument of defendant’s counsel.
First. That it was not intended by Congress, in enacting the section of the act of 1863 which is incorporated in Section 1031 of the revision, to take away the President’s power of removal.
This section confers upon this Court the power of removal for cause after due notice. The language' is “that justices may be removed by the Court,” etc. No words of exclusion are used, nor is there anything in the nature of the power to be exercised by the Court or the manner of its exercise that implies that it is to be exercised by this Court only. Prior acts are not repealed by this act unless by implication. It is assumed by counsel for plaintiff that the power of removal prior to 1863 was in the President. Congress *55 had never before that date expressly conferred this power upon the President, the Court or other officer or tribunal. Yet removals were recognized by the Act of March 1, 1823.
Looking to the history of the Government prior to 1823 and continuing to the present day we find that Congress has regarded the power of removal to be an incident to the power to appoint inferior officers in all instances where that power is given to the President, either by the Constitution or an act of Congress, unless otherwise expressly provided.
Whether Congress may limit the power of the President to remove an officer appointed by him, arid in what instances and to what extent, may not be so well settled. It is believed that the uniform practice of the chief Executive has been to exercise the power of removal as incident to the power of appointment as to all of that class denominated by the Constitution as “ inferior officers,” and where Congress had not otherwise provided for in the organization of the Government. We are not advised that this exercise of power has ever been questioned by the courts. 4 Ops. Att’ys Gen., 608; 5 Ops. Att’ys Gen., 288; 1 Kent Com., 309, 310, 311; Story, Constitution, 1536-1544.
It follows, we think, that from March 1,1823, to 1863, the power to remove a justice of the peace of this District was in the President exclusively. By the Act of March 3,1863, providing that this Court may remove a justice of the peace for cause, etc., as before indicated, we do not understand that any power was taken from the President. Conceding this act to be constitutional, this Court has power concurrently with the President, to make such removals. It is well likened by counsel for the plaintiff to the question discussed in Congress very early in the history of the United States as to whether the power of impeachment given to the House and Senate in respect to certain officers by the Constitution was exclusive, inasmuch as the Constitution provided no other express authority to make removals.
After one of the most memorable debates ever held in Con *56 gress the power of the President to remove in such instance was upheld. The doctrine as thus established is understood to be that impeachment was intended as a remedy-whore the President would not remove an officer that ought to be removed. So here the Court may act when the appeal is properly made as well as the President.
The act of 1878 expressly provides for the removal of justices of the peace in this District for cause. No allusion is made to the authority by which this power is to be exercised. Manifestly it is to be exercised by the authority theretofore provided by law. There is, then, nothing in this act that changes the status of previous legislation in this respect. As we understand this legislation there is no occasion for considering whether the act of 1863 repealed that of 1823 or whether the act of 1878 repealed that of 1863. In neither instance, however, is there any such inconsistency as to lay a foundation for such a question in the view we have presented of this legislation. Neither is it necessary that we should determine the question whether the act of 1863, or so much of it as confers power on this Court to remove justices for cause, is constitutional or not. Sufficient that, in our judgment, the President has power to remove the defendant.
True, the justice is removable for cause. It is not argued, however, and we suppose it would not be, that, if the power to remove is in the President, this Court can review his action for the purpose of determining the sufficiency of the causes which induce him to remove an officer. Nor would this Court presume that the President acted without cause, simply because none is specified in the order of removal.

Demurrer to answer sustained. Judgment of ouster and for costs.